UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ALICIA BALTODANO,<br><br>　　　　　　　　　　　Defendant. | Case No.: 18CR3706-JLS<br><br>**ORDER DISMISSING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE/REDUCTION IN SENTENCE UNDER 18 U.S.C. § 3582(C)(1)(A)(i)** |

　　　　Pending before the Court is Defendant's Motion for Compassionate Release/Reduction in Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 24). The Government has filed a response in opposition (ECF No. 25). Having carefully considered these submissions and the authorities presented, the Court must dismiss Defendant's motion for failure to exhaust administrative remedies.

**Background**

　　　　On October 12, 2018, Defendant Baltodano pled guilty to a charge of importation of methamphetamine in violation of 21 U.S.C. §§ 952 and 960. This Court sentenced Defendant to a term of 36 months' imprisonment and 5 years of supervised release. Defendant is currently serving her sentence at Carswell Federal Medical Center in Fort Worth, Texas. Defendant has served approximately 20 months of her sentence and has a projected release date of February 14, 2021.

**Analysis**

Defendant Baltodano moves the Court for an order granting compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Defendant alleges that FMC Carswell is not testing the inmates, that social distancing is not possible, and at times no soap is provided. Defendant contends that these circumstances constitute extraordinary and compelling grounds for relief.

The Government opposes Defendant's motion for failure to exhaust administrative remedies and indicates that no administrative remedy requests have been submitted to the institution. The Government also opposes Defendant's motion on the merits, arguing that that Defendant's has not met her burden of establishing that a sentence reduction is warranted under the statute.

Under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment "…upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier…". In this case, Defendant has not demonstrated that any request for relief pursuant to Section 3582(c) has been submitted to the warden of her facility. Because the statutory language clearly requires as much before the Court may act, the Court may not excuse any failure to exhaust administrative remedies and lacks authority to consider Defendant's motion until the exhaustion requirement has been met. *See e.g., United States v. Franco,* __ F.3d __, 2020 WL 5249369 (5th Cir. Sept. 3, 2020) (holding that requirement in First Step Act that a defendant file a request for reduction of sentence with the Bureau of Prisons before filing a motion in federal court is mandatory).

Furthermore, even if Defendant's claim were not barred by her failure to exhaust administrative remedies, she has failed to set forth sufficient grounds to warrant relief under Section 3582(c)(1)(A). Relief is warranted under Section 3582(c)(1)(A) if, after consideration of the factors set forth in section 3553(a), the court finds that:

1. Extraordinary and compelling reasons warrant such a reduction; or

2. The defendant is at least 70 years of age, has served at least 30 years in prison, … and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community; and

3. Such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The applicable policy statements issued by the Sentencing Commission are set forth in U.S. Sentencing Guideline §1B1.13. This Guideline, which has not been amended since the enactment of the FSA, still requires that a reduction in a term of imprisonment be based upon a motion of the Director of the Bureau of Prisons. Otherwise, the Guideline largely tracks the statutory language of Section 3582(c)(1)(A) and provides that the court may reduce a term of imprisonment if it determines that extraordinary or compelling reasons warrant the reduction, or the defendant is a least 70 years old and has served at least 30 years in prison. The Court must also find that the defendant is not a danger to the community and that the reduction is "consistent with this policy statement." USSG §1B1.13(2) and (3). Defendant Baltodano, who is not over the age of 70 and has not served at least 30 years in prison, proceeds under the "extraordinary or compelling reasons" provision.

The Commentary to Guideline §1B1.13 indicates that extraordinary and compelling reasons exist under several defined circumstances including the medical condition of the defendant, the age of the defendant, family circumstances and other reasons determined by the Director of the Bureau of Prisons. The "mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020).

In this case, Defendant Baltodano has failed to set forth particularized facts which would satisfy any of the criteria for extraordinary and compelling circumstances under the Guideline Commentary. Defendant's complaints, while not insignificant, are presumably common to all inmates within her institution. Furthermore, Defendant's claim that she is not being tested for COVID-19 is inaccurate, the Government has provided documents indicating that Defendant has been tested for COVID-19 on at least two occasions. (ECF No. 29.) Thus, even if the Court were to reach the merits of Defendant's motion, Defendant's general concerns regarding contracting COVID-19 while in custody do not rise to the level of severity required under the applicable policy statement and do not present an extraordinary and compelling basis for relief under Section 3582(c)(1).

## Conclusion

For the reason set forth above, Defendant's motion for Compassionate Release/Reduction in Sentence under 18 U.S.C. § 3582(c)(1)(A)(i) is HEREBY DISMISSED.

IT IS SO ORDERED.

Dated: September 15, 2020

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge